IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LYNN RANDOLPH and KENNETH
RANDOLPH, her husband,

      Plaintiffs,

      vs.                                  CIVIL ACTON NO. _____

UNITED STATES OF AMERICA,

      Defendant.

**JURY TRIAL DEMANDED**

**COMPLAINT**

      AND NOW, come the Plaintiffs, LYNN RANDOLPH and KENNETH RANDOLPH, her Husband, by and through their undersigned attorneys, Paul A. Tershel, Esquire, Mary Chmura Conn, Esquire, Jarrod T. Takah, Esquire, and Tershel and Associates, and file the within Complaint, asserting the following in support thereof:

      1.      Plaintiffs are LYNN RANDOLPH (referred to herein as "Plaintiff-Wife") and KENNETH RANDOLPH (referred to herein as "Plaintiff-Husband"), adult individuals residing at 146 Sunset Drive, Washington, Washington County, Pennsylvania. Plaintiffs are a married couple, having been married on May 9, 1987, in Steubenville, Ohio.

      2.      Defendant is the UNITED STATES OF AMERICA. Plaintiffs are asserting a professional liability claim against Defendant.

      3.      The jurisdiction of this Court is based on the Federal Tort Claims Act, 28 U.S.C. §§ 2671 – 2680.

4. At all times material hereto, the acts or omission complained of in this Complaint were committed by agents, servants and/or employees of Defendant including:

a. JILL A. SHARER, M.D., (referred to herein as "Dr. Sharer") a licensed professional with an office at 181 West Beau Street, Washington, Washington County, Pennsylvania; and

b. WASHINGTON FAMILY DOCTORS (referred to herein as "W.F.D."), a licensed health care provider located at 181 West Beau Street, Washington, Washington County, Pennsylvania.

5. Plaintiffs, in compliance with the provision of the Federal Tort Claims Act, 28 U.S.C. § 2675(a), filed claims for damages arising from the negligence of Defendant's agents, servants and/or employees, Dr. Sharer and W.F.D., with the United States Department of Health and Human Services on or about the 4th day of September, 2009. (See attached, Exhibit "A," Letter Accompanying Claim dated 9/4/09 and Letter of Receipt by Department of Health and Human Services dated 9/14/09). More than six months have passed since Plaintiffs' claims were filed and the United States has failed to act upon them.

6. At all times material hereto, Plaintiff-Wife was under the care, treatment and/or attendance of Dr. Sharer and W.F.D.

7. In February 2007, Plaintiff-Wife discovered hard, round, marble-like lumps in and about her left breast.

8. On February 16, 2007, Plaintiff-Wife was evaluated by her family physician, Dr. Sharer.

9. Dr. Sharer noted non-tender and moveable breast lumps during her examination of Plaintiff-Wife. Dr. Sharer ordered a mammogram/ultrasound for breast mass.

10. On February 26, 2007, Plaintiff-Wife underwent a mammogram/ultrasound of the left breast.

11. The mammogram/ultrasound films were interpreted as normal, noting dense fibro glandular tissue in the areas of the palpable breast lumps at 12 o'clock and 2 o'clock, respectively.

12. Thereafter, Dr. Sharer failed to recommend, order and/or perform any additional diagnostic testing, examination, treatment, medical follow up or referral of Plaintiff-Wife with regard to her breast masses.

13. In December 2007, Plaintiff-Wife contacted Dr. Sharer's office concerning the still palpable breast lumps which, by that time, had increased in size.

14. On January 10, 2008, Plaintiff-Wife was again evaluated by Dr. Sharer.

15. Dr. Sharer noted a 2 cm mass, moveable, rubbery texture, in the left breast, and ordered a mammogram.

16. Dr. Sharer advised Plaintiff-Wife that it was permissible to wait until March 2008 to have another mammogram.

17. On March 7, 2008, Plaintiff-Wife underwent a bilateral mammogram.

18. The mammogram films were interpreted as having an abnormally increased density within the left breast with a 3.2 cm hypoechoic abnormality in the 12 o'clock position which was strongly suspicious for breast carcinoma.

19. The mammogram films were also interpreted as having abnormal lymph nodes in the left axillary region which were strongly suspicious for being metastatic lesions.

20. On March 12, 2008, Plaintiff-Wife underwent a left ultrasound breast biopsy.

21. The biopsy confirmed infiltrating lobular carcinoma with angiolymphatic invasion of the left breast.

22. Plaintiff-Wife eventually required a left modified radical mastectomy with axillary node dissection on September 24, 2008.

23. As a direct and proximate result of Dr. Sharer and W.F.D.'s negligence and/or carelessness, as more specifically set forth below, Plaintiff-Wife suffered and/or was placed at an increased risk of suffering, but is not limited to, the following injuries and damages:

(a) mestastic cancer;
(b) additional surgery and/or treatment including modified radical mastectomy of the left breast with axillary node dissection and chemotherapy for tumor reduction;
(c) increased risk of recurrence of cancer;
(d) decreased survival rate;
(e) pain and suffering;
(f) scarring, disfigurement and deformity;
(g) embarrassment and humiliation;
(h) loss of enjoyment of life and life's pleasures;
(i) medical expenses;
(j) lost wages and/or decrease in earning capacity; and
(k) great mental suffering, sadness, and anxiety.

24. The negligence and/or carelessness of Dr. Sharer and W.F.D. consists of, but is not limited to, the following:

(a) Failure to timely and properly examine, diagnose and treat Plaintiff-Wife's left breast lumps following the examination of February 16, 2007, by ordering and referring Plaintiff-Wife for a biopsy;

(b) Failure to timely and properly examine, diagnose and treat Plaintiff-Wife's left breast lumps following the examination of February 16, 2007, by failing to have clinical follow-up thereafter;

(c) Failure to timely and properly examine, diagnose and treat Plaintiff-Wife's left breast lumps following the examination of February 16, 2007, by failing to order an MRI of the left breast;

(d) Failure to order and/or perform necessary medical testing following the examination of February 16, 2007;

 (e) Failure to promptly and properly refer the patient to the necessary medical specialists, including a surgeon and/or oncologist, who would have made timely diagnosis of and timely and properly treated Plaintiff-Wife's condition;

 (f) Failure to promptly and timely order diagnostic evaluation and treatment of Plaintiff-Wife following the examination of February 16, 2007;

 (g) Failure to properly and adequately supervise Defendant's agents, servants, and/ or employees during the examination and treatment of Plaintiff-Wife; and

 (h) Failure to exercise reasonable care in the diagnosis and treatment of Plaintiff-Wife's condition for which prompt diagnosis and treatment were critical for effective medical treatment.

25. As a direct and proximate result of the negligence and/or carelessness of Dr. Sharer and W.F.D., Plaintiff-Husband has:

 (a) been deprived and may in the future be deprived of the society, companionship, consortium, and services of his wife, Plaintiff, Lynn Randolph;

 (b) incurred and will in the future incur medical bills and expenses for Plaintiff-Wife's injuries as caused by Defendant; and

 (c) suffered and will in the future suffer a disruption in his daily habits and pursuits and a loss of enjoyment of life.

WHEREFORE, Plaintiffs, Lynn Randolph and Kenneth Randolph, each, demand damages against Defendant, in an amount in excess of $75,000, exclusive of interest and costs.

**JURY TRIAL DEMANDED.**

        Respectfully submitted,

        TERSHEL & ASSOCIATES

        /s/Mary Chmura Conn
        Mary Chmura Conn, Esquire
        55 South Main Street
        Washington, Pennsylvania

724-228-4700 (phone)
724-228-6482 (fax)
PA 60488
Attorney for Plaintiffs, Lynn
Randolph and Kenneth Randolph

## CERTIFICATE OF SERVICE

I, Mary Chmura Conn, Esquire, hereby certify that a true and correct copy of the foregoing Complaint has been served, by electronic filing or by U.S. First-class mail, postage prepaid, upon the following individuals, this **30th** day of June, 2010:

Robert S. Cessar, United States Attorney
Jessica Lieber Smolar, Assistant U.S. Attorney
Western District of Pennsylvania
U.S. Post Office & Courthouse
Pittsburgh, PA  15219
robert.cessar@usdoj.gov
jessica.smolar@usdoj.gov
(Attorney for United States of America)

TERSHEL & ASSOCIATES

/s/Mary Chmura Conn_____
Mary Chmura Conn, Esquire
55 South Main Street
Washington, Pennsylvania
724-228-4700 (phone)
724-228-6482 (fax)
PA 60488
Attorney for Plaintiffs, Lynn Randolph and Kenneth Randolph